UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONSON CALIGONE and RICHARD ESARDIAL, Individually and On Behalf of All Others Similarly Situated, § § § § § Plaintiff, § § v. § § CONSOLIDATED SERVICES OF § NORTH AMERICA, LLC, § § Defendants. § | No. _____ JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Ronson Caligone and Richard Esardial (collectively referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid regular and overtime wages from Defendant Consolidated Services of North America, LLC (referred to as "CSNA" or "Defendant"). In support thereof, they would respectfully show the Court as follows:

### I. Nature of Suit

1. Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. CSNA failed to pay Plaintiffs for all hours worked in violation of the FLSA.

4. CSNA further violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5. Additionally, CSNA violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6. Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid regular and overtime wages.

## II. Jurisdiction & Venue

7. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because CSNA resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Houston Division of the Southern District of Texas.

## III.  Parties

9. Caligone is an individual who resides in Harris County, Texas and who was employed by CSNA during the last three years.

10. Esardial is an individual who resides in Harris County, Texas and who was employed by CSNA during the last three years.

11. Consolidated Services of North America, LLC is a Texas limited liability company that may be served with process by serving its registered agent, Idan Ohana, at 9113 Harbor Hills Dr., Houston, Texas 77054.  Alternatively, if the registered agent of Consolidated Services of North America, LLC cannot with reasonable diligence be found at the company's registered office, Consolidated Services of North America, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12. Whenever it is alleged that CSNA committed any act or omission, it is meant that CSNA's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of CSNA or was done in the routine and normal course and scope of employment of CSNA's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13. CSNA specializes in HVAC, refrigeration, plumbing, and electrical services; it does business in the territorial jurisdiction of this Court.

14. CSNA employed Caligone from approximately August 2017 through January 2018.

15. CSNA employed Caligone as a Technician.

16. CSNA employed Esardial from approximately August 2017 through February 2018.

17. CSNA employed Esardial as an Electrician.

18. During Plaintiffs' employment with CSNA, they were engaged in commerce or in the production of goods for commerce.

19. During Plaintiffs' employment with CSNA, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

20. CSNA paid Plaintiffs on an hourly basis.

21. CSNA required Plaintiffs to work off-the-clock.

22. If a repair took longer than CSNA scheduled Plaintiffs, CSNA would deduct hours worked by Plaintiffs and pay them only for the number of hours CSNA approved for the individual repair.

23. Additionally, CSNA routinely failed to pay Plaintiffs for all drive time in between repair jobs.

24. In other words, Plaintiffs were not paid for all hours worked in violation of the FLSA.

25. During Plaintiffs' employment with CSNA, they regularly worked in excess of forty hours per week.

26. CSNA knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

27. CSNA did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

28. Instead, CSNA required Plaintiffs to work off-the-clock and/or manipulated their time records to reflect fewer hours than they actually worked.

29. CSNA knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

30. CSNA failed to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

31. CSNA knew or showed a reckless disregard for whether its pay practices violated the FLSA.

32. CSNA is liable to Plaintiffs for their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

33. All technicians, electricians, and other non-exempt employees employed by CSNA are similarly situated to Plaintiffs because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid all of their regular hours and/or overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid regular and overtime wages,

liquidated damages and attorneys' fees and costs from CSNA pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

34. Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

35. During Plaintiffs' employment with CSNA, they were nonexempt employees.

36. As nonexempt employees, CSNA was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

37. CSNA did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

38. Instead, CSNA either did not pay Plaintiffs at all for the hours he worked in excess of forty per week and/or manipulated Plaintiffs' time records to reflect forty or fewer hours worked per week.

39. If CSNA classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

40. CSNA knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, CSNA willfully violated the overtime requirements of the FLSA.

## VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

41. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

42. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

43. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time and pay records as required by the FLSA.

## VI. Count Three—Collective Action Allegations

44. Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

45. On information and belief, other employees have been victimized by CSNA's violations of the FLSA identified above.

46. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied regular wages at their regular rate and overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

47. CSNA's policy or practice of failing to pay regular and overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

48. Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

49. All employees of CSNA, regardless of their rates of pay, who were not paid at their regular rates for all hours worked and/or at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All technicians, electricians, and other non-exempt employees employed by CSNA during the last three years.

50. CSNA is liable to Plaintiffs and the other technicians, electricians, and other non-exempt employees for the difference between what it actually paid them and what it was legally obligated to pay them.

51. Because CSNA knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiffs and the other technicians, electricians, and other non-exempt employees their unpaid regular and overtime wages for at least the last three years.

52. CSNA is liable to Plaintiffs and the other technicians, electricians, and other non-exempt employees in an amount equal to their unpaid regular and overtime wages as liquidated damages.

53. CSNA is liable to Plaintiffs and the other technicians, electricians, and other non-exempt employees for their reasonable attorneys' fees and costs.

54. Plaintiffs have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on their behalf as well as on behalf of all other putative class members.

## VII. Jury Demand

55. Plaintiffs demand a trial by jury.

## VIII. Prayer

56. Plaintiffs pray for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. Judgment awarding Plaintiffs and the other technicians, electricians, and other non-exempt employees all unpaid regular and overtime compensation, liquidated damages, attorneys' fees and costs;

   c. Postjudgment interest at the applicable rate;

   d. Incentive awards for any class representative(s);

   e. All such other and further relief to which Plaintiffs and the other technicians, electricians, and other non-exempt employees may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS RONSON CALIGONE AND RICHARD ESARDIAL**